**Donna Osbourne TORRES,**
**Plaintiff–Appellant,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY; et al., Defendants–Appellees.**

No. 08–35308.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 16, 2009.

Samuel Tyler Stanke, Esquire, Samuel T. Stanke, Attorney at Law, LLC, Portland, OR, for Plaintiff–Appellant.

Samuel K. Anderson, Davis Rothwell Earle & Xochihua, PC, Portland, OR, Joshua Bachrach, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for Defendants–Appellees.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Donna Osbourne Torres appeals the district court's grant of summary judgment in favor of Defendant–Appellee Reliance Standard Life Insurance Company (Reliance Standard) in her action filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking to recover long-term disability benefits. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.

We review *de novo* a district court's grant of a motion for summary judgment. *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.,* 293 F.3d 1139, 1142 (9th Cir.2002).

■ First, we hold that the district court correctly determined that an abuse of discretion standard of review with a heightened "moderate level" of scrutiny should apply. It was procedural error for Reliance Standard to rely upon information gleaned from the Internet regarding Plaintiff's social activities in its final denial letter because Plaintiff could not reasonably anticipate Reliance Standard's consideration of this information. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863, 871 (9th Cir.2008) (holding, where the administrator terminating benefits relied on information that it did not disclose to the claimant until the final denial letter, that the disclosure of the information "came too late to do [the claimant] any good"). The procedural error in this instance did not rise to the level of a "wholesale and flagrant" violation of ERISA so as to trigger *de novo* review, *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 971 (9th Cir.2006) (en banc), and the district court properly accounted for the error when determining the level of deference due to the administrator's determination to deny benefits.

In light of this moderate level of scrutiny, we conclude that the district court gave too little weight to Reliance Standard's March 13, 2006, admission that Plaintiff met the policy's definition of disability from "any occupation." In its letter to Plaintiff, Reliance Standard noted the impending change in definition to an "any occupation" standard, which would occur on April 29, 2006. Reliance Standard then determined that the Plaintiff was "totally disabled from performing any occupation as defined in the aforementioned policy provision. The medical documentation on file currently supports [her] disability through June 30, 2006."

■ Disregarding this admission, the district court incorrectly deemed the Sep-

tember 8, 2006, letter the "original decision to deny her claim." Neither party disputes that Reliance Standard provided total disability benefits beginning on April 29, 2006, when the "any occupation period" began, until July 31, 2006 (a month past the June 30, 2006 date, through which Reliance standard had determined that the medical documentation on file supported Plaintiff's disability). Had the district court recognized that Reliance Standard's finding of ineligibility was not in response for an application for benefits, but in fact a reversal of an earlier finding of eligibility, it may have accorded less weight to the evidence presented by Reliance Standard.

In addition, Reliance Standard has not identified any place in the record which shows that Plaintiff's condition improved after she was deemed disabled, thus not overcoming this admission as a matter of law. We remand the case to the district court for development of the record concerning whether Reliance Standard's policy requires a showing of continuing eligibility and whether the insurer can require periodic updates to assure continuing eligibility. *See Saffon*, 522 F.3d at 873 n. 6 (where procedural irregularities have prevented full development of the administrative record, this court may remand to the district court to hear additional evidence and determine disability.) Our remand is without prejudice to the development of post-March 13, 2006, information concerning whether Plaintiff meets the policy's definition of total disability.

We REVERSE and REMAND to the District Court.